IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**ANTHONY McCOY,**

    Plaintiff,

v.                                                                                            Civil Action No. **3:11CV650**

**DOCTOR TEKLU,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Anthony McCoy, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**
Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).
"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

McCoy alleges that "I was told that I would get a charge for staying in the hole because the medical staff [at the Sussex I State Prison ("Sussex I")] keeps telling the security that nothing is wrong w/my back & I'm faking that I can't move around." (Compl. 5.) McCoy explains:

> So I spoke to the Mental Health and explained how my back injury is causing me a lot of blocked movement. They moved me to the Mental Health/Physical Handicap pod. Since I expressed my concerns to them about being forced to move around, like to eat at chow hall, mail my mail, etc., I thought they would make sure that I wouldn't be forced to do these things. Now I'm told the very next day that I am faking, according to medical. I don't have any paperwork proving what I say. They're not even going to let me use a wheelchair, & if I don't go to the chow hall & just get up & walk then they are going to say I refused everything. So now if I go back to the hole then they will charge me, take my good time, raise my security level, & ship me to super max. Medical science itself proves I [am] not faking and that I am being medically neglected by the medical staff. The doctor [Defendant King] refuses to stop lying, telling people I'm a fake, & the regional

2

> doctor [Defendant Teklu] won't even write me back nor resolve anything. Please file this under the "ADA." Now I'm being denied food. Please help.

(*Id.* (punctuation and capitalization corrected).) The Court construes this as a claim of inadequate medical care in violation of McCoy's Eighth Amendment rights.[1] *See Beaudett*, 775 F.2d at 1277-78.

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (*citing Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (*citing Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v.*

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

*Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (*citing Estelle*, 429 U.S. at 105–06).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson*, 145 F.3d at 168 (*citing Farmer*, 511 U.S. at 837); *Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997)). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (*quoting Rich*, 129 F.3d at 340 n.2). In evaluating a prisoner's complaint regarding medical care, the Court is mindful that, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (*citing Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)).

Here, McCoy specifically alleges negligence. (Compl. 5 ("I am being medically neglected").) Even if true, this allegation does not state a claim of deliberate indifference. *Grayson*, 195 F.3d at 695 ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." (*citing Estelle*, 429 U.S. at 105–06)). Though McCoy alleges that someone is denying him food (Compl. 5), he fails to support this allegation with any facts. Hence, this claim does not raise an inference that either Defendant knew of the alleged deprivation, much less that either Defendant was responsible for the deprivation, subjectively recognized a substantial risk of harm, and subjectively recognized that their actions were inappropriate. *See Parrish*, 372 F.3d at 303. Thus, McCoy fails to state a claim upon which relief can be granted. Accordingly, it is RECOMMENDED that the action be DISMISSED.

(May 4, 2012 Report and Recommendation (alterations and omission in original).) The Court advised McCoy that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. On September 28, 2012, McCoy filed a

document entitled "Amended Complaint." (ECF No. 11 (spelling corrected).) As explained below, the Magistrate Judge's analysis applies with equal force to the Amended Complaint.

## II. McCOY'S AMENDED COMPLAINT

In his Amended Complaint, McCoy again states that he

> had a back injury that clearly warrants being assisted. I asked for a wheelchair [and] Dr. King denied me the use of one because he said I was faking. I asked that my food be brought to me at the cell. Dr. King denied me that too. Dr. Teklu refuses to even respond to my letters for him to [intervene]. Dr. Teklu was King[']s supervisor.

(Am. Compl. 1.) Thus, McCoy contends that Dr. Teklu and Dr. King ("Defendants") have denied him adequate medical care and nutrition. (*Id.*) McCoy's Amended Complaint fails to remedy the deficiencies identified by the Magistrate Judge. First, McCoy's Amended Complaint fails to state an Eighth Amendment claim for denial of adequate medical care based upon Dr. King's denial of a wheelchair. "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (*citing Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). McCoy alleges no exceptional circumstances.

Moreover, McCoy's claim that Dr. King refused to authorize food to be delivered to McCoy's cell also fails to state an Eighth Amendment claim. McCoy states that he is "being denied nutrition that I have a right to have." (Am. Comp. 1.) McCoy alleges no harm, much less serious or significant physical or emotional harm resulting from the denial of food delivery. *See Strickler v. Waters*, 989 F.2d 1375, 1381 n.9 (4th Cir. 1993); *see also Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012); *Lockamy v. Rodriguez*, 402 F. App'x 950, 951–52 (5th Cir. 2010) (finding claim insufficient where the plaintiff "has not alleged any specific harm, other than hunger pains" (citing *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999))). Given that deficiency, McCoy fails to adequately allege an Eighth Amendment violation.

5

McCoy also fails to allege facts indicating that Defendants knew of and disregarded an excessive risk to McCoy's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). McCoy's vague allegations of inadequate medical care and nutrition fall short of permitting the conclusion that his complaints placed Defendants on sufficient notice of an excessive risk to McCoy's health. *See Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir 2004); *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). McCoy fails to allege sufficiently that Defendants actually perceived that McCoy faced a substantial risk of serious harm from not prescribing a wheelchair or food delivery. As such, McCoy's vague factual allegations against Defendants fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (some internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). Accordingly, McCoy's claims will be DISMISSED WITH PREJUDICE.

### III. CONCLUSION

For the foregoing reasons, the Report and Recommendation will be ACCEPTED AND ADOPTED. Plaintiff's claims will be DISMISSED WITH PREJUDICE and the action will be DISMISSED. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 7-23-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge